Douglas Siddoway
RANDALL | DANSKIN
601 West Riverside Avenue, Suite 1500
Spokane, Washington 99201
(509) 747-2052
Attorneys for Plaintiffs

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| BRIAN ELLSWORTH, a single man; RONALD W. ELLSWORTH, a married man; NANCY J. ELLSWORTH, a single woman; SYLVESTER U. and REBECCA J. AKPAN, husband and wife, and the marital community comprised thereof; and the DORIS J. ELLSWORTH RESIDUARY TRUST,<br><br>          Plaintiffs,<br><br>v.<br><br>MARGARET ("MARGIE") ANDERSON and JOHN DOE ANDERSON, husband and wife, and the marital community comprised thereof; COMMERCIAL LENDING NORTHWEST, INC., a Washington corporation; RYDYN ENTERPRISES, L.L.C., a Washington Limited Liability company; ATTESA CORPORATION, a Washington corporation; and JO BURSEY, a married woman,<br><br>          Defendants. | Case No. 10-20651-TLM<br><br>Adversary No.<br><br>COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT; AND OBJECTION TO DISCHARGE |

//
//
//

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT; AND
OBJECTION TO DISCHARGE - 1

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0653
(509) 747-2052

## I.     JURISDICTION AND VENUE

1.1    The claims alleged herein arise under Title 7 of the United States Code (the "Bankruptcy Code").  This Court has original jurisdiction with respect to these matters pursuant to 28 U.S.C. §1334(b), 28 U.S.C. §157(a), and 28 U.S.C. §157(b)(2)(I) and (J).  The claims set forth below are "core proceedings" pursuant to 28 U.S.C. §157(b)(2)(I) and (J).  This Court has jurisdiction to hear and determine Plaintiffs' pendent claims for relief under the Washington State Securities Act, R.C.W. §§21.20.430(1) and 21.20.430(3), and their claims for intentional misrepresentation, negligent misrepresentation, breach of contract, and civil conspiracy, in that such claims arise from a common nucleus of operative facts and are so intertwined as to make the Court's exercise of jurisdiction appropriate.  Venue is proper in this district pursuant to 28 U.S.C. §1409.

## II.     PARTIES

2.1    Plaintiff Brian Ellsworth is a single man and resides in Spokane, Washington.

2.2    Plaintiff Ronald W. Ellsworth is a married man and resides in Veradale, Washington.

2.3    Plaintiff Nancy J. Ellsworth is a single woman and resides in Tucson, Arizona.

2.4    Plaintiffs Sylvester U. and Rebecca J. Akpan are husband and wife and reside in Tucson, Arizona.

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT; AND
OBJECTION TO DISCHARGE - 2

**RANDALL | DANSKIN**
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

2.5     Plaintiff Doris J. Ellsworth Residuary Trust is a residuary trust. The trustee of the trust is Dr. Waverly Ellsworth, who resides in Spokane, Washington.

2.6     Defendants Margaret ("Margie") Anderson and John Doe Anderson (hereinafter "Anderson") are husband and wife, living in Spokane, Washington. The acts alleged to have been committed by defendant Margie Anderson have been done for the benefit of the marital community, if any, comprised of Margaret and John Doe Anderson.

2.7     Defendant Commercial Lending Northwest, Inc. (hereinafter "CLNW"), is a Washington corporation controlled by Defendant Margie Anderson, with its principal office located in Spokane County, Washington.

2.8     Defendant Rydyn Enterprises, L.L.C., (hereinafter "Rydyn") is a Washington limited liability company formed by and exclusively managed by Defendant Margie Anderson, with its principal office located in Spokane County, Washington.

2.9     Defendant Attesa Corporation (hereinafter "Attes") is a Washington corporation controlled by Robert West, with its principal office located in Spokane County, Washington.

2.10    Defendant Jo Bursey (hereinafter "Bursey") is a married woman, living in Orlando, Florida.

### III.    RELEVANT FACTS

3.1     Since at least early 2003, defendant Margie Anderson, along with her wholly owned company, defendant CLNW, has engaged in the business of brokering bridge loan transactions.

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT; AND
OBJECTION TO DISCHARGE - 3

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0653
(509) 747-2052

3.2    Defendants Anderson and CLNW broker loans between persons or entities willing to loan money to borrowers who are clients of defendants Anderson or CLNW. Typically, these are borrowers who have short term credit needs that cannot be fulfilled through the commercial lending market. Prospective lenders are generally assured that their short-term bridge loan will be "taken out" by another lender, who will also pay any interest remaining payable on the bridge loan.

3.3    Defendants Anderson and CLNW earn substantial commissions that are paid by the borrowers when the borrower receives the mortgage loan arranged by them.

3.4    In or about January 2002, plaintiff Brian Ellsworth (hereinafter "Ellsworth") began investing in bridge loans through Margie Anderson and CLNW. Ellsworth was informed and believed that that Anderson had an extensive background in commercial lending and was experienced and knowledgeable when it came to identifying good commercial lending opportunities and adequately securing and documenting the position of participating lenders.

3.5    Anderson and CLNW originally offered Ellsworth the opportunity to invest in loans that would be fully-funded by him, without participation by other investors. All of the loans were reportedly well-secured. The loans performed as expected or proved adequately secured, and prior to the loan which is the subject matter of this action, Ellsworth had no reason to believe that Anderson was not securing his positions as represented or that she was failing to protect his interests in any other way.

3.6    Robert West is a Spokane businessman who has worked in the construction industry for almost 23 years. Prior to 2001, West owned and operated

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT; AND
OBJECTION TO DISCHARGE - 4

**RANDALL | DANSKIN**
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0653
(509) 747-2052

several companies which mainly performed insurance reconstruction work.  On February 7, 2001, West incorporated defendant Attesa in order to pursue opportunities in the new home market in the Spokane area.  Prior to this time, West had never worked as a developer of commercial or residential properties.  In 2002, West and Attesa began negotiations to acquire and develop commercial property located in Surprise, Arizona.  Surprise is in the suburban Phoenix area.

   3.7  In mid to late 2002, West was attempting to procure loan financing on behalf of Attesa for the Surprise, Arizona project.  Through a referral from Washington Trust Bank, West became acquainted with defendants Anderson and CLNW.  Anderson and CLNW thereafter agreed to assist West and Attesa in procuring loan financing through a bridge loan for the Surprise project.

   3.8  By no later than May of 2003, with the assistance of defendant Bursey, an Orlando, Florida broker, West and defendants Anderson and CLNW formulated an arrangement with the Naples, Florida branch of First Integrity Bank, a federally-chartered bank with headquarters in Staples, Minnesota (hereinafter "FIB").  Pursuant to that arrangement, it was understood that Anderson and CLNW would seek to procure investments from individuals and corporations who would then join with FIB in making loans to Attesa for the acquisition and development of the Surprise, Arizona property.

   3.9  Accordingly, pursuant to that arrangement, CLNW, with the knowing acquiescence of FIB and West, solicited participation in the loan by Ellsworth and other prospective investors by assuring them, among other matters:

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT; AND
OBJECTION TO DISCHARGE - 5

**RANDALL | DANSKIN**
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

    a.    that if they provided CLNW with funds, CLNW would cause such funds to be lent to Attesa for the acquisition and development of the Surprise, Arizona property together with an approximately $1,100,000 loan that would be provided to Attesa by FIB.

    b.    that they would be co-participants in the acquisition and development loan with FIB, and if they did participate with FIB in making the loan to Attesa, that all lenders would be accorded a "first lien" or "first mortgage" position securing such loans.

    c.    that the loans to Attesa would be of only a 90-day duration, and that Universal Online Corporation would provide "take out financing" at the end of the 90-day period.

3.10    In reliance upon these representations, in early May of 2003, Ellsworth agreed to provide CLNW with $200,000 to be included in the loan to be made to Attesa on the foregoing terms. This was the first occasion in which Ellsworth would participate in the loan with others. In June 2003, Ellwsorth agreed to increase his participation in the loan by an additional $65,000.

3.11    Based on Ellsworth's understanding of the quality of the loan and the fact that CLNW was seeking additional participation, Ellsworth informed several friends, investment clients and family members, all plaintiffs herein, of the lending opportunity. In notifying individuals of the opportunity, Ellsworth told his friends, clients and family members that they would need to get information on the investment from Anderson. Ellsworth also encouraged them to meet with Anderson. Persons who decided to invest shared Ellsworth's understanding that they would have a "first lien" or "first mortgage" position in the Surprise, Arizona property to secure their loans.

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT; AND
OBJECTION TO DISCHARGE - 6

**RANDALL | DANSKIN**
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0653
(509) 747-2052

3.12   In reliance upon representations made by Margie Anderson and CLNW, plaintiffs Ronald W. Ellsworth, Nancy J. Ellsworth, Sylvester U. and Rebecca J. Akpan, and the Doris J. Ellsworth Residuary Trust agreed to provide CLNW with a combined $165,000 to be included in the loan to be made to Attesta.

3.13   Shortly after Ellsworth and other plaintiffs herein provided loan funds to CLNW, and after CLNW caused Attesa to execute a promissory note in the investors' favor, FIB, Anderson and CLNW, without the knowledge or consent of plaintiffs or the other investors, changed the financing arrangement from that described to plaintiffs and the other investors.  Specifically:

a.   Plaintiffs and other investors were made members of defendant Rydyn, the limited liability company that was solely controlled by Margie Anderson, based on only partial disclosure of the limited liability company's operating agreement and the representation by Anderson that this was a common lending structure and immaterial to their investment.  However, on information and belief, Rydyn was created at the insistence of FIB (including through its agents) and Bursey, with the objective of empowering Margie Anderson to materially alter the terms of the Rydyn members' involvement without their individual consent.

b.   Without their knowing consent, plaintiffs and the other investors were stripped of their position as lenders to Attesa whose loans would be protected by a first lien security interest in the subject Surprise, Arizona property.

c.   Instead, through the medium of defendant Rydyn, which was solely controlled by Margie Anderson, the defendants caused all monies that plaintiffs and other

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT; AND
OBJECTION TO DISCHARGE - 7

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

investors had provided to CLNW to be placed into a certificate of deposit arrangement between Rydyn and FIB. Accordingly, per an arrangement effected by FIB (including through its agents), Anderson and CLNW, plaintiffs' and other investors' loan funds were, without their informed consent, placed by CLNW into Rydyn.

    d.    Rydyn then used the "loan funds" of Plaintiffs and other CLNW investors to buy a certificate of deposit from FIB.

    e.    FIB then loaned to Attesa the funds that Rydyn had received from plaintiffs and other investors, and funds belonging to plaintiffs and the other investors were pledged as security for Attesa's obligations to FIB.

    3.13    Plaintiffs learned in the Summer of 2003 that a certificate of deposit had become a part of the security for the transaction, but were told by Anderson that the certificate of deposit was a common method of fully securing their and the other Rydyn investors' lending position and preserved their first lien status. Anderson never disclosed or gave plaintiffs reason to believe that the certificate of deposit was in fact intended to protect FIB, and that she had transformed the position of Plaintiffs and the other Rydyn investors to that of guarantors.

    3.14    In light of the security that FIB required for its own loan to Attesa, the defendants knew that Plaintiffs and the other Rydyn investors were being relegated to an untenable position, and one to which no reasonable investor would have given its informed consent.

    3.15    Using Plaintiffs' funds and those secured from other lenders, FIB was able to loan Defendant Attesa $2,775,000, a sum well beyond FIB's loan limit. In recognition

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT; AND
OBJECTION TO DISCHARGE - 8

**RANDALL | DANSKIN**
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0653
(509) 747-2052

of the fact that the funds arranged by Anderson financed 60% of its loan to Attesa, FIB agreed to pay members of Rydyn 60% of the interest that it earned on its loan to Attesa.

3.16  Attesa used approximately $1,763,000 of FIB's loan to purchase the subject land. FIB then set aside $500,000 of the loan to Attesa as a construction draw account, but did not monitor the same. Rather, it delegated that task to defendant Bursey.

3.17  Because FIB failed to monitor Attesa/West's work progress (or lack thereof), West and Attesa were able to misappropriate $282,592.30 to their own uses, and did not effect the required construction.

3.18  As a consequence, Plaintiffs and other lenders were never apprised of their financial jeopardy until FIB defaulted West/Attesa's loan in December of 2003, and FIB seized the monies pledged by Rydyn to guarantee the West/Attesa loan.

3.19  Plaintiffs and the other lenders participating in Rydyn lost their entire investment in the defendants' scheme.

### IV.  FIRST CAUSE OF ACTION
### VIOLATIONS OF THE WASHINGTON STATE SECURITIES ACT
(Against CLNW, Anderson, and Bursey)

4.1  Plaintiffs reallege each of the foregoing paragraphs as if fully set forth herein.

4.2  Defendant CLNW sold a mortgage participation opportunity and membership interest to plaintiffs in violation of RCW 21.20.010. Defendant Anderson offered the mortgage participation opportunity and membership interest to plaintiffs in violation of RCW 21.20.010. Defendant Bursey was a substantial contributing factor in the offer and sale of the mortgage participation opportunity and membership interests to

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT; AND
OBJECTION TO DISCHARGE - 9

**RANDALL | DANSKIN**
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

plaintiffs and is therefore deemed to have offered and sold the mortgage participation opportunity and membership interests to them.

  4.3 All of these defendants, in connection with plaintiffs' investment of $430,000, directly and indirectly, singly and in concert, negligently, recklessly, knowingly or with an intention to defraud, engaged in, offered for sale and sold securities to plaintiffs by means of one or more misrepresentations of or failures to disclose material facts, which material facts were necessary in order to make the statements made in connection with those offerings and sales not misleading in light of the circumstances under which those statements were made and, in addition, employed a device, scheme or artifice to defraud plaintiffs and engaged in acts, practices and a course of business which operated as a fraud or deceit upon him, all in violation of RCW 21.20.010(1), (2) and (3).

  4.4 Defendant Anderson directly or indirectly controlled CLNW and Rydyn within the meaning of the Washington Securities Act, was an officer and director of CLNW, was a managing member of Rydyn, and, as an employee of CLNW and Rydyn, materially aided in their transactions in violation of RCW 21.20.010. CLNW and Rydyn are liable as a principal for violation of RCW 21.20.430(1).

  4.5 Bursey is a person who is exempt under the provisions of RCW 21.20.040 who materially aided in the hereinabove-alleged transaction.

  4.6 Each of these defendants, by engaging in the hereinabove-alleged conduct, materially aided CLNW and Rydyn in connection with the offer and sale of the mortgage participation and/or membership interest to plaintiffs when, having knowledge that he had been or must have been materially misled, nonetheless failed to take action to ensure

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT; AND
OBJECTION TO DISCHARGE - 10

**RANDALL | DANSKIN**
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0653
(509) 747-2052

that full and fair disclosure of all material facts was made to him and other loan participants. Plaintiffs' investment could not have been applied and subjected to loss without each of these defendants providing material aid to CLNW and Rydyn as herein alleged.

### V. SECOND CAUSE OF ACTION
### INTENTIONAL MISREPRESENTATION

5.1 Plaintiffs reallege each of the foregoing paragraphs as if fully set forth herein.

5.2 The conduct of Defendants Anderson, CLNW and Bursey (referred to as "these defendants" throughout this Section V) constitutes intentional misrepresentation, in that:

a. they intentionally made misstatements or omissions of material fact which these defendants knew, when they were made or omitted, that plaintiffs would rely thereupon;

b. plaintiffs did rely upon the foregoing misrepresentations or omissions of material fact proffered by these defendants and was damaged when, in reliance thereupon, they invested substantial monies into Rydyn, which monies were then foreclosed upon by FIB.

5.3 These defendants are therefore liable for all losses so caused by their misrepresentations and/or omissions including, but not limited to, $430,000 that the plaintiffs invested into Rydyn in reliance thereupon, together with prejudgment interest on that liquidated amount.

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT; AND
OBJECTION TO DISCHARGE - 11

**RANDALL | DANSKIN**
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

### VI.   THIRD CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION

6.1   Plaintiffs reallege each of the foregoing paragraphs as if fully set forth herein.

6.2   Alternatively, if all of the misrepresentations or omissions previously described were not intentionally made, but rather were made as a result of negligent acts or conduct of Anderson, CLNW and Bursey (referred to as "these defendants" throughout this Section VI), then such misrepresentations or omissions constitute negligent misrepresentations or omissions of material fact.  Plaintiffs relied to their detriment upon such misrepresentations, and were damaged thereby when they lost the $430,000 they invested into Rydyn (as previously described), plus other such damages as will be proved at trial.

6.3   These defendants are therefore liable for all losses so caused by their misrepresentations and/or omissions including, but not limited to, the $430,000 that plaintiffs invested into Rydyn in reliance thereupon, together with prejudgment interest on that liquidated amount.

### VII.   FOURTH CAUSE OF ACTION
### BREACH OF CONTRACT

7.1   Plaintiffs reallege each of the foregoing paragraphs as if fully set forth herein.

7.2   Plaintiffs' investments into Rydyn were premised upon agreements they made with Anderson, CLNW and Bursey (referred to as "these defendants" throughout this Section VII).  These defendants agreed that if plaintiffs advanced monies to be

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT; AND
OBJECTION TO DISCHARGE - 12

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

loaned to Attesa and West, they would be paid back all the monies advanced, plus interest at 13.99% by a "takeout lender," and that their investments (through Rydyn) would be secured because Attesa would provide Rydyn a deed of trust/first lien position and because FIB would be a co-participant on the loan.

  7.3 These defendants breached the agreement as no "take out" loan occurred, no security interest in the subject property was procured in the Rydyn investors' favor, defendant FIB did not recognize the co-participant status of the Rydyn investors and the Rydyn investors lost their entire investments when the "bridge loan" to Attesa and West was foreclosed upon and forfeited by FIB.

  7.4 These defendants, and each of them, are liable for all of plaintiffs' damages resulting from their breaches of contract, which are recoverable at 13.99% interest.

### VIII. SIXTH CAUSE OF ACTION
### CIVIL CONSPIRACY

  8.1 Plaintiffs reallege each of the foregoing paragraphs as if fully set forth herein.

  8.2 FIB would not have been able to extend a $2.775 million loan unless it solicited the monies of the Rydyn investors. Anderson, CLNW and Bursey (referred to as "these Defendants" throughout this Section VIII) combined to accomplish this purpose, and used the unlawful means identified above to accomplish that purpose. Further, these defendants purposefully entered into an agreement to acquire the monies of plaintiffs and other Rydyn investors for the loan.

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT; AND
OBJECTION TO DISCHARGE - 13

**RANDALL | DANSKIN**
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

8.3     Anderson, CLNW and Bursey are therefore liable for all losses so caused by these defendants' conspiracy, including but not limited to, the $430,000 that plaintiffs invested into Rydyn after being induced to do so by these defendants' conspiracy.

### IX.     OBJECTIONS TO DISCHARGE

9.1.    Plaintiffs realleges each of the foregoing paragraphs as if fully set forth herein.

9.2     Anderson's violations of the Washington State Securities Act and her fraud, deceit and manipulation makes the debt owed to the plaintiff non-dischargeable under 11 U.S.C. §523(a)(19).

9.3     Anderson, with intent to hinder, delay, or defraud creditors and officers of the estate, have transferred, removed or concealed or have permitted to be transferred, removed or concealed, property of the debtors within one year before the date of the filing of their bankruptcy petition.  This property represents property of the estate after the filing of the bankruptcy petition as well, and has not been reported on the bankruptcy schedules, making the defendants ineligible for a bankruptcy discharge under 11 U.S.C. §727(a)(2).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for relief as follows:

1.      For an order determining that the debt owed them by Anderson is non-dischargeable pursuant to 11 U.S.C. §523.

2.      For an order determining that Anderson is not entitled to a discharge under 11 U.S.C. §727.

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT; AND OBJECTION TO DISCHARGE - 14

**RANDALL | DANSKIN**
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

3.  For an award of all damages resulting from the defendants' violation of the Washington State Securities Act and their intentional misrepresentation, negligent misrepresentation, , breach of contract, and civil conspiracy, including an award of plaintiffs' reasonable attorneys' fees and repayment of the monies advanced by plaintiffs, together with prejudgment interest thereon.

2.  For such other and further relief as the Court determines just, necessary, equitable, and proper.

DATED this 5th day of August, 2010.

RANDALL | DANSKIN

By:     s/Douglas Siddoway
        Douglas Siddoway, ISB #2388
        Attorneys for Plaintiffs

28264\ANDERSON BANKR\BankrtuptcyAdversaryComplaint

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT; AND
OBJECTION TO DISCHARGE - 15

**RANDALL | DANSKIN**
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052