# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 10-20651-TLM |
| WALTER D. ANDERSON, ) | |
| MARGIE A. ANDERSON, ) | |
| ) | Chapter 7 |
| Debtors. ) | |
| _____ ) | |
| ) | |
| BRIAN ELLSWORTH, et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Adv. No. 10-07039-TLM |
| ) | |
| MARGARET ("MARGIE") ) | |
| ANDERSON and JOHN DOE ) | |
| ANDERSON, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MEMORANDUM OF DECISION

**INTRODUCTION**

Before the Court is a motion for summary judgment against Margie and Walter Anderson ("Debtors"), brought by Plaintiffs Brian Ellsworth, Ronald W. Ellsworth, Nancy J. Ellsworth, Sylvester U. Akpan, Rebecca J. Akpan, and the Doris J. Ellsworth Residuary Trust ("Plaintiffs"), on claims that Debtors violated the Washington State Securities Act, are liable for damages based on such

MEMORANDUM OF DECISION - 1

violations and such damages are nondischargeable under § 523(a)(19).[1] Doc. No. 46 ("Motion"). Debtors opposed Plaintiffs' Motion. On June 26, 2012, Plaintiffs' Motion was heard, and the Court took the matter under advisement. For the reasons set forth below, the Motion will be denied.

**BACKGROUND**

Litigation between the parties began in 2005 and 2006, when Plaintiffs brought two Washington state court lawsuits against Debtors, Commercial Lending Northwest, Rydyn Enterprises, LLC, Jo Bursey and Attessa Corporation, in Spokane County Superior Court, *Dupree v. Anderson et al.,* Case No. 05-2-00221-7, and *Ellsworth v. Anderson, et al.*, Case No. 06-2-04672-7. Plaintiffs sought judgments based in part on alleged violations of state securities laws.

The law suits alleged that Margie Anderson, through various entities, prepared a "Standard Credit Memorandum Application," distributed the same, and induced Plaintiffs to make a short term "bridge loan" to Attessa Corporation to facilitate the acquisition and development of real estate in Surprise, Arizona in 2003. Plaintiffs argued there were several false statements and material and misleading omissions in the Standard Credit Memorandum Application prepared by Margie Anderson. Attessa ultimately defaulted on a loan to First Integrity

---

[1] Unless otherwise indicated, all statutory references are to the Bankruptcy Code, Title 11 U.S.C. §§ 101-1532.

MEMORANDUM OF DECISION - 2

Bank, the Bank foreclosed on its security, and Plaintiffs lost the funds they provided for the bridge loan.

The state court lawsuits were consolidated for purposes of trial in 2008, and the parties completed their discovery and pretrial motions. Trial was set to begin on June 1, 2010. Debtors' May 24, 2010 bankruptcy filing stayed the state court litigation. Plaintiffs filed this adversary proceeding on August 16, 2010, and it has made halting progress since that time.[2]

## SUMMARY JUDGMENT STANDARDS

The summary judgment standards are well known and have been articulated by this Court several times.

> Summary judgment may be granted if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. The evidence and any inferences therefrom must be viewed in a light most favorable to the non-moving party. The court cannot and does not weigh evidence in resolving motions for summary judgment but, rather, determines only whether a material factual dispute exists requiring trial. A dispute is genuine if there is sufficient evidence for a reasonable fact finder to hold in favor of the non-moving party, and a fact is material if it might affect the outcome of the proceeding.

---

[2] Debtors initially filed an answer *pro se* in September, 2010. In November, 2010, Plaintiffs moved for default judgment against one of the Debtors and a number of non-appearing, non-debtor parties. In March, 2011, Plaintiffs filed an amended motion for default judgment, limiting their request for default to the non-appearing, non-debtor defendants. In May, 2011, the Court denied the motion for default judgment and questioned its jurisdiction over the non-debtor defendants in this proceeding. Debtors retained counsel, and based on the parties' request, the Court granted them time to attempt to settle the matter. Ultimately, the parties' attempts at settlement were unsuccessful, and in February, 2012, Plaintiffs filed the Motion at issue here. Due to health issues with Debtors' counsel, a March hearing on Plaintiffs' Motion was vacated and the matter was not heard until June, 2012. The non-debtor defendants were eventually dismissed from this case based on lack of jurisdiction, and Plaintiffs dismissed their § 727(a)(2) cause of action, leaving at issue only the matters addressed in this Decision.

MEMORANDUM OF DECISION - 3

*Boise City/Ada Cnty. Housing Auth. v. O'Brien (In re O'Brien)*, 2011 WL 1457304, at *2 (Bankr. D. Idaho April 15, 2011) (citations omitted).

## DISCUSSION AND DISPOSITION

### A.     Nondischargeability under § 523(a)(19)

The issue this Court must first address is a narrow, legal one and involves the requirement under § 523(a)(19)(B) of a memorialization of liability.

Section 523(a)(19)[3] excepts from discharge a debt that:

(A) is for –

> (i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or

> (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and

(B) results, before, on, or after the date on which the petition was filed, from –

> (i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;

> (ii) any settlement agreement entered into by the debtor; or

> (iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

---

[3] In 2002, Congress added § 523(a)(19) to the Bankruptcy Code as part of the Sarbanes-Oxley Act of 2002 in order to stop state regulators from being "forced to 'reprove' their fraud cases in bankruptcy court to prevent discharge," and because Congress did not want state regulators to have to use precious resources to "plow the same ground twice in securities fraud cases." S. Rep. No. 107-146, at 2 (2002).

MEMORANDUM OF DECISION - 4

This statute requires two conditions to be met in order to except a debt from discharge. First, § 523(a)(19)(A) requires the debt be for a violation of securities laws or for fraud in connection with the purchase or sale of securities. Second, § 523(a)(19)(B) requires that before, on, or after the petition date, the debt be memorialized in a judicial or administrative order or settlement agreement.

The phrase "before, on, or after the date on which the petition was filed" was added to § 523(a)(19)(B) by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). Prior to the BAPCPA amendment, the language of § 523(a)(19)(B)[4] clearly required a pre-petition order, settlement agreement or court judgment determining liability for federal or state securities law violations. Thus, only pre-existing (that is to say, pre-bankruptcy) determinations of securities fraud violations were given preclusive effect. *See Faris v. Jafari (In re Jafari)*, 401 B.R. 494, 496-97 (Bankr. D. Colo. 2009). The judicial proceeding or order referenced in § 523(a)(19) was thus necessarily a non-bankruptcy proceeding or order.

After 2005, the requisite judgment, settlement agreement or order can be entered "after the date on which the petition is filed." The question before this Court is whether the bankruptcy court can itself find liability for a violation of state or federal securities law and enter such judgment, or whether it can enter a

---

[4] Section 523(a)(19)(B) originally excepted from discharge a debt for securities fraud which "(B) results from – (i) any judgment, order, consent order, or decree [etc.]".

MEMORANDUM OF DECISION - 5

§ 523(a)(19) judgment only after another judicial or administrative body finds liability for such a violation. This question has divided bankruptcy courts throughout the country since the BAPCPA amendment. *Compare Gelber v. Jensen-Ames (In re Jensen-Ames)*, 2011 WL 1238929 (Bankr. W.D. Wash. Mar. 30, 2011) (interpreting § 523(a)(19) to allow the bankruptcy court to establish a debtor's liability for securities violations and concluding there is no requirement for a separate determination by a non-bankruptcy forum) and *In re Chan*, 355 B.R. 494 (Bankr. E.D. Pa. 2006) (refusing to lift stay for the same reasons) with *Terek v. Bundy (In re Bundy)*, 468 B.R. 916 (Bankr. E.D. Wash. 2012) and *Jafari*, 401 B.R. at 494 (requiring the debt to be memorialized in a judgment, order or settlement agreement outside of bankruptcy case); *see also Voss v. Pujdak (In re Pujdak)*, 462 B.R. 560 (Bankr. D.S.C. 2011) (following *Jafari*). Thus, with the benefit of the thoughtful analyses of these several Bankruptcy Judges, this Court must decide if a non-bankruptcy forum must issue a ruling on the matter in order to satisfy an element of § 523(a)(19).

As noted in *Jafari*, Congress removed the temporal requirement "[w]hen it became clear that the language of the statute permitted the discharge of securities debts when the claims had not been reduced to judgment prior to bankruptcy." 401 B.R. at 499. Thus Congress expanded the time frame for entry of the required order, judgment or settlement agreement. But by altering the temporal requirement, questions arose as to whether Congress intended to expand the

MEMORANDUM OF DECISION - 6

forums in which such determinations could be made. In other words, could a bankruptcy court make the liability determination or must it still be made in a non-bankruptcy forum in order to satisfy § 523(a)(19)(B).

In order to address these questions the Court must first look to the statute itself. *Ransom v. FIA Card Servs., N.A.*, ___ U.S. ___, 131 S. Ct. 716, 723-24 (2011). And when interpreting the statute, the Court must read it in context. *See State Comp. Ins. Fund v. Zamora (In re Silverman)*, 616 F.3d 1001, 1006 (9th Cir. 2010) ("To determine the plain language we consider the language itself, the specific context in which that language is used, and the broader context of the statue as a whole."); *Carpenters Health & Welfare Trust Funds for Cal. v. Robertson (In re Rufener Constr., Inc.)*, 53 F.3d 1064, 1067 (9th Cir. 1995) ("When we look to the plain language of a statute in order to interpret its meaning, we do more than view words or sub-sections in isolation. We derive meaning from context, and this requires reading the relevant statutory provisions as a whole."); *see also Kelly v. Robinson*, 479 U.S. 36, 43 (1986) ("In expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy."); *Reswick v. Reswick (In re Reswick)*, 446 B.R. 362, 367 (9th Cir. BAP 2011) (noting the Court must review the entire statute in context, not viewing individual words in isolation).

*Jafari* recognized that it is possible to read § 523(a)(19)(B) to allow a bankruptcy court, as a federal court, to reach its own determination of liability

MEMORANDUM OF DECISION - 7

when no prior decision exists. But after comparing the various subsections in § 523(a), *Jafari* determined the better reasoned reading – and the reading most consistent with the rules of statutory construction – required a non-bankruptcy forum to make the liability determination. The court concluded that when subsections in § 523(a) do not require a judgment or order (*i.e.*, a liability determination), bankruptcy courts are free to determine liability in connection with nondischargeability determinations, subject only to jurisdictional limitations and preclusion doctrines. 401 B.R. at 499 (referencing § 523(a)(1)-(a)(4), (a)(6), (a)(8)-(a)(10), (a)(12), (a)(14) and (a)(18)). Indeed, several such sections are within the exclusive jurisdiction of the bankruptcy court and, as noted in *Jensen-Ames*, the Ninth Circuit has clearly ruled that bankruptcy courts can establish the monetary amount of liability in connection with ruling on such discharge issues. 2011 WL 1238929, at *9 (citing *Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864 (9th Cir. 2005) (finding bankruptcy court had the jurisdiction to enter a money judgment under § 523(a)(6))).

However, when § 523(a) subsections require a memorialized liability determination, bankruptcy courts do not litigate the underlying claim. In those situations, the bankruptcy court merely determines the underlying claim was established in a non-bankruptcy forum and satisfies any other requirements found within § 523(a). *See Jafari*, 401 B.R. at 498-99 (reviewing § 523(a)(7), (a)(11), (a)(13), and (a)(17)). For example, *Jafari* noted that § 523(a)(13) makes a debt for

MEMORANDUM OF DECISION - 8

the payment of "an order of restitution issued under title 18, Unites States Code" nondischargeable, yet the bankruptcy court does not "determine whether the debtor is guilty of a title 18 crime and/or whether restitution should be awarded. 'The Court merely determines whether the order at issue has imposed an obligation that is in the nature of 'restitution' and whether it was issued under the federal criminal code.'" 401 B.R. at 499 (quoting *Colorado v. Jensen (In re Jensen)*, 395 B.R. 472, 488 (Bankr. D. Colo. 2008)).

Moreover, the BAPCPA amendments did not alter § 523(a)(19)(B)'s references to the required decree (or judgment or order) or elaborate on the courts allowed to enter such a decree; it addressed only the timing of such a decree. As *Bundy* reasons, "[i]f, as originally enacted, there was no question that the bankruptcy court could not determine that a violation of securities laws had occurred, the language in the amendment affected no change in that principle." 468 B.R. at 921; *see also Kelly*, 479 U.S. at 46-47 (noting, in another context, that when Congress enacts and modifies statutes, it is deemed to know established judicial interpretations and if Congress intends to change the legal landscape, it will make its intent specific and will not silently abrogate widely applicable judicial interpretations). This reasoning is consistent with the other provisions of § 523(a) that define exceptions to discharge based, at least in part, on claims established under non-bankruptcy statutes and in non-bankruptcy forums.

After reviewing the cases addressing the issue, the Court concludes the

MEMORANDUM OF DECISION - 9

reasoning in cases such as *Jafari* and *Bundy* is compelling.  One of the required elements of § 523(a)(19) is that a liability determination be made in a non-bankruptcy forum "before, on or after" the date of the filing of a debtor's petition.  Such a determination must precede this Court's non-dischargeability determination.  Here, the state court litigation was stayed by Debtors' bankruptcy petition and no judgment has been entered.  Thus, at this time, Plaintiffs cannot satisfy one of the elements of § 523(a)(19) and their Motion must be denied.

## CONCLUSION

Under the foregoing analysis, Plaintiffs cannot – at this time – prevail on their Motion.  Therefore, the Motion will be denied.  An appropriate Order will be issued.

DATED: August 1, 2012



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 10